**THOMPSON COBURN LLP**
**LUKAS SOSNICKI, CSB 295895**
lsosnicki@thompsoncoburn.com
10100 Santa Monica Blvd., Suite 500
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Attorneys for Defendant PANERA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| AARON ASELTINE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PANERA, LLC, and DOES 1-50, inclusive,<br><br>Defendant. | Case No.<br><br>Alameda County Superior Court Case No. RG21098794<br><br>**NOTICE OF REMOVAL BY DEFENDANT PANERA, LLC PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Panera, LLC ("Panera") removes the above-entitled action to this Court from the Superior Court of the State of California, County of Alameda, pursuant to 28 U.S.C. § 1441. Panera invokes this Court's original jurisdiction under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). Panera submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff Aaron Aseltine ("Plaintiff") against Panera, as well as without conceding that Plaintiff has stated any claims upon which relief can be granted. This removal is based on the following grounds:

**PRELIMINARY STATEMENT**

1. This lawsuit is the quintessential example of an attempted "second bite at the apple." It asserts the same claims—on behalf of the exact same proposed class—as those asserted in *Ahmad v. Panera Bread Company*, Case No. 21-CV-00311CDP (E.D. Mo. 2021) (the "Missouri Lawsuit").[1] These nearly identical lawsuits were not accidents; the same lawyers filed both. Both the Missouri Lawsuit and this lawsuit were filed by California residents who purport to represent the exact same putative class—a class of California consumers under California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA")—over a 5-10% price markup between delivered food and food that is purchased for in-store pickup, which both contend make a fee to have the food delivered false and deceptive. The only real difference between the Missouri lawsuit and this action is the name of the Plaintiff and Count III of the complaints. Count III of the complaint filed in the Missouri Lawsuit is a claim under Missouri's consumer protection statute, the Missouri Merchandising Practices Act, while Count III here is a claim under California's False Advertising Law ("FAL").

2. On April 8, 2021, Panera filed a motion to dismiss the complaint in the Missouri Lawsuit. In that motion, Panera argued its Terms of Use expressly apply Missouri law to any dispute, and bar claims under the UCL or CLRA. Perhaps facing dismissal of these California state-law claims, counsel representing the plaintiff in the Missouri Lawsuit filed this case in the Superior Court of the State of California, Alameda County, three months after filing the *Ahmad* case on February 8, 2021. And, likely in an effort to shop the best forum or wait and see what happens in the Missouri Lawsuit, Plaintiff has not yet served Panera in this case.

3. This case, like the Missouri Lawsuit, belongs in federal court. For the reasons set forth herein, removal under CAFA is proper.

---

[1] The *Ahmad* case was initially filed in Missouri state court, but Panera removed the case to the United States District Court for the Eastern District of Missouri on March 11, 2021. *See* Dkt. No. 1, *Ahmad v. Panera Bread Company*, Case No. 21-CV-00311CDP (E.D. Mo. 2021). The Court denied the plaintiff's motion to remand on June 2, 2021.

**PROCEDURAL BACKGROUND**

4. On May 6, 2021, Plaintiff Aaron Aseltine ("Plaintiff") filed a putative class action complaint ("Complaint") against Panera in the Superior Court of Alameda County, California, Case Number RG21098794.

5. Panera has not yet been served with a summons and the complaint.

6. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders filed in Case Number RG21098794 are attached to this Notice of Removal as **Exhibit A**.

7. This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

8. The Superior Court of Alameda County, California is located within the Northern District of California, Oakland Division. 28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

9. Panera will promptly serve this Notice of Removal on all parties and file a copy of this Notice of Removal with the Clerk of the Superior Court of Alameda County, California, in Case Number RG21098794, as required by 28 U.S.C. § 1446(d).

**THE ALLEGATIONS IN THE COMPLAINT**

10. On January 25, 2021 Plaintiff, a resident of Oakland, California, alleges that he used the Panera mobile app to purchase food in the total amount of $22.12. Ex. A, Compl. ¶¶ 13, 49. Plaintiff does not contend that he did not receive the food delivered to him at the price he paid for it; rather, Plaintiff claims the delivery fee for the food is misrepresented because it does not disclose what Plaintiff sees as the "true cost" of delivery of the food. *Id.* at ¶¶5, 34. Plaintiff contends that an alleged markup on the menu price of the delivered food, by 5-7%, or as much as 10%, makes the stated $6 delivery fee false and deceptive. *Id.* at ¶¶31, 51.

11. Plaintiff brings a three-count lawsuit individually and as a class representative to recover damages for the allegedly unlawful practices under the UCL, CLRA, and FAL. *See generally,* Ex. A, Compl. Plaintiff additionally seeks injunctive and declaratory relief under CLRA, but disclaims any damages thereunder. *Id.* at ¶1.

12. Plaintiff seeks to certify the following class:

> All consumers in California who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Panera mobile app or website, and were assessed higher delivery charges than represented.

*Id.* at ¶ 56.

13. Plaintiff requests compensatory damages, injunctive relief, disgorgement and restitution of all monies allegedly acquired by the alleged unlawful practices, attorneys' fees and costs, punitive damages, and pre-judgment interest. Ex. A, Compl. Prayer for Relief.

## STATEMENT OF GROUNDS FOR REMOVAL

14. This Court has original jurisdiction under CAFA, 28 U.S.C. § 1332(d) because the amount placed in controversy by the Complaint exceeds $5,000,000, exclusive of interests and costs; there is minimal diversity among the parties; and there are at least 100 members in the proposed class. *See* 28 U.S.C. § 1332(d); *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014).

15. The Complaint satisfies CAFA's definition of a class action, which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a). *See also* Ex. A, Compl. ¶56 (alleging a class action under California Code of Civil Procedure § 382).

16. While Panera disputes Plaintiff's ability to pursue this matter as a class action, removal is proper because all requirements for jurisdiction under CAFA are met in this case.

17. **The Alleged Putative Class Has More Than 100 Members.** Plaintiff has pleaded that "[h]undreds of thousands of Panera customers like [him]" have been assessed the allegedly "hidden" delivery charges he seeks to recover individually and on behalf of all others similarly situated. Ex. A, Compl. ¶9. The Complaint therefore satisfies the requirement of at least 100 members in the proposed class. *See Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (recognizing that pleading "hundreds" of members of a proposed class is sufficient to meet the numerical requirement of CAFA); *Tompkins v. Basic Rsch. LL*, No. CIV. S08244LKKDAD, 2008 WL 1808316, at *3 (E.D. Cal. Apr. 22, 2008) (alleging a class of

"thousands" implies "a logical minimum of 2,000 class members" under CAFA).

18.   **The Parties Are Minimally Diverse.**   This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from the defendant.  28 U.S.C. § 1332(d)(2)(A).

19.   Plaintiff is a citizen of the State of California.  Ex. A, Compl. ¶13.  Panera is a corporation organized under the laws of Delaware with its principal place of business in Missouri. *Id.* at ¶14.  Therefore, Panera is a citizen of Missouri or Delaware.  28 U.S.C. § 1332(c)(1).  Because the citizenship of Plaintiff and Panera are diverse from one another, at least one member of the putative class is diverse from the defendant.  Minimal diversity of citizenship is satisfied.

20.   **The Amount in Controversy Exceeds $5 Million.**   Panera vigorously disputes the validity of Plaintiff's claims and specifically denies that this case is suitable for class treatment.  For purposes of CAFA jurisdiction, however, the amount in controversy requirement is met because the matter exceeds the sum of $5 million, exclusive of interests and costs, based upon the allegations and legal theories asserted in the Complaint.  28 U.S.C. § 1332(d)(6).

21.   "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  "[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)).

22.   CAFA states that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *Id.*  The United States Supreme Court has instructed that "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

23.   Plaintiff does not allege a particular amount in controversy in the Complaint but seeks to represent a class of "**all** consumers in California" who, over the course of the statute of limitations for each claim under the UCL, CLRA, and FAL, ordered food delivery through the

Panera mobile app or website. Ex. A, Compl. ¶56. (emphasis added). The statute of limitations under the UCL, the CLRA, and the FAL range from three to four years. Cal. Civ. Code § 1783 (three-year statute of limitations for CLRA claims); Cal. Bus. & Prof. Code § 17208 (UCL claims subject to four-year statute of limitations); *Plumlee v. Pfizer, Inc.*, No. 13-CV-00414-LHK, 2014 WL 695024, at *7 (N.D. Cal. Feb. 21, 2014) (FAL claims subject to three-year statute of limitations under Cal.Code Civ. Proc. § 338(a)).

24. Thus, based on the allegations in the Complaint, Plaintiff, on behalf of "hundreds of thousands of Panera customers" seeks damages including the alleged increased food costs of 5-10% charged by scores of Panera locations on all delivery orders throughout the limitations period. Plaintiff also seeks disgorgement and restitution of "all monies" acquired by "means of the unlawful practices," alleged in the Complaint. Ex. A, Compl. Prayer For Relief. The aggregate "amount in controversy," consistent with Plaintiff's allegations, is in excess of $5 million.

25. Although Plaintiff's requested damages exceed CAFA's amount in controversy by itself, ending the analysis, Plaintiff's request for attorneys' fees, injunctive relief, and punitive damages makes it very clear that the amount in controversy is in excess of $5 million.

26. Attorneys' fees are properly considered when assessing the aggregate amount in controversy. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020). Panera does not believe that attorneys' fees would ever be appropriate here, but assuming for sake of argument that Plaintiff's counsel sought compensatory damages and attorneys' fees, the amount in controversy could be in excess of $5,000,000.

27. Plaintiff also requests injunctive or declaratory relief and with respect to the proposed class under the CLRA and the FAL. Ex. A, Compl. ¶65, 109, 110. The cost of this proposed injunction likewise adds to the amount in controversy and further indicates the amount in controversy is exceeded. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) ("The cost of prospective [injunctive] relief cannot be ignored in the calculation of the amount in controversy" under CAFA); *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-THE, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015).

28. Finally, Plaintiff has requested punitive damages. Ex. A, Compl. Prayer for Relief.

Punitive damages are properly considered in assessing the amount in controversy. *Bayol*, 2015 WL 4931756, at *9. Panera does not believe that punitive damages could ever be recoverable, but for purposes of assessing CAFA jurisdiction, the legal possibility of punitive damages is included in the aggregation of the alleged amount in controversy.

29. Plaintiff's request for compensatory damages, disgorgement, attorneys' fees, punitive damages, and injunctive relief support a finding that the $5 million amount in controversy is satisfied. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] defendant 'may simply allege or assert that the jurisdictional threshold has been met') (quoting *Dart*, 574 U.S. at 88).

30. Because this matter is a putative class action in which there are over 100 class members, the aggregate potential damages and fees exceed $5 million, and minimal diversity of citizenship exists between Plaintiff and Panera, original jurisdiction exists under 28 U.S.C. § 1332(d).

## CONCLUSION

31. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Panera hereby removes this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, Oakland Division.

DATED: June 4, 2021         THOMPSON COBURN LLP

                            By:    */s/ Lukas Sosnicki*
                                   **LUKAS SOSNICKI**
                                   Attorneys for Defendant PANERA, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically on June 4, 2021 via PDF attachment to plaintiff's counsel as follows:

> Jeffrey D. Kaliel
> Sophia Goren Gold
> Kaliel Gold PLLC
> 1100 15th Street NW, 4th Floor
> Washington, DC  20005
> Telephone:  (202) 350-4783
> E-mail:  jkaliel@kalielgold.com
>          sgold@kalielgold.com

                                                                          */s/ Dana M. Hass*
                                                                          Dana M. Hass